UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

IN RE SEALED SEARCH WARRANT DOCUMENTS                3:12-MJ-00480-TJM

_____

APPEARANCES:

STEPHEN C. GREEN, ESQ.
Office of the United States Attorney
100 South Clinton Street
Syracuse, NY 13261

STEVE REILLY
Pro Se Proposed Intervenor and Movant
Press & Sun-Bulletin
P.O. Box 1270
Binghamton, NY 13902

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## **MEMORANDUM-DECISION and ORDER**

The Court issued criminal search warrants for a house and property located in the

Northern District of New York in July 2011 and October 2012.  Upon application of the United

States, the search warrants, applications, and supporting affidavits were filed under seal.  The

warrants were executed and the returns were likewise ordered sealed.  Presently pending is a pro

se letter motion by Steve Reilly, a reporter with the Central New York Newspaper Group

("Movant") to unseal search warrant materials submitted by the government in support of: (1) its

searches of Saeed Bajwa's ("Bajwa") residence and/or office in July 2011; and (2) its second

search of Bajwa's residence in October 2012.  (Dkt. No. 24.)  The Court reads or construes

Movant's letter motion to include an application to intervene in this matter, which is granted for

the limited purpose of his motion to unseal.  The government has responded in opposition to the motion.  (Dkt. No. 26.)

## I.      BACKGROUND

Bajwa was indicted in the United States District Court for the Eastern District of Virginia on counts of conspiracy and false statements (Case No. 1:2013-cr-00402).  (Dkt. No. 24 at 2; Dkt. No. 26 at 2.)[1]  The two search warrants at issue remain under seal, although the July 2011 search warrant was unsealed on a limited basis so that the subjects of that search could see it.  (Dkt. No. 26 at 1.)  The October 2012 search warrant has never been unsealed, although Bajwa previously filed a motion to unseal it.  *Id.*; Dkt. No. 24 at 2; *see also* Dkt. No. 12 (order denying Bajwa's motion to unseal).

## II.     DISCUSSION

Movant requests the unsealing of the documents filed in connection with both search warrants under a common law right of access, as well as a First Amendment right of access.  (Dkt. No. 24 at 2.)  Movant argues "that because the government's investigation into matters concerning Bajwa's alleged activities has concluded with a grand jury indictment, unsealing the search warrant materials would serve the public's interest without danger of corrupting an ongoing investigation or grand jury proceedings."  *Id.* at 4.  The government opposes this motion, asserting that "the investigation is not concluded . . . [and] this is a multi-district investigation in which further charges could be filed against Bajwa and other subjects of the investigation."  (Dkt. No. 26 at 1.)

---

[1]      The page numbers citing to docket entries reference the page numbers assigned by the Court's CM/ECF system.

Courts are obligated to entertain requests for access to sealed documents. *See In re Newsday, Inc.*, 895 F.2d 74 (2d Cir. 1990), *cert. denied,* 498 U.S. 892 (1990); *In re Searches of Semtex Indus. Corp. 64*, 876 F. Supp. 426, 429 (E.D.N.Y. 1995). However, the decision to unseal search warrant documents lies within the sound discretion of the court. *See Newsday,* 895 F.2d at 79; *Semtex,* 876 F. Supp. at 429.

The right of access to sealed search warrant documents is usually litigated by news or media organizations. The organizations typically move to unseal search warrants or their supporting documents under a common law or First Amendment claim, as Movant does in this instance. *See Times Mirror Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 873 F.2d 1210 (9th Cir. 1989); *Baltimore Sun Co. v. Goetz,* 886 F.2d 60, 64-65 (4th Cir. 1989), *cert. denied,* 498 U.S. 880 (1990); *In re Search Warrant for Secretarial Area Outside Office of Gunn,* 855 F.2d 569, 574-75 (8th Cir. 1988), *cert. denied,* 488 U.S. 1009 (1989); *Newsday*, 895 F.2d at 79. In reviewing such applications, a court must first "look to common law, for [a court] need not, and should not, reach the First Amendment issue if judgment can be rendered on some other basis." *Newsday*, 895 F.2d at 78.

### A.      Common Law Right of Public Access

The Second Circuit has explained that "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history" and there exists a presumption of access to such documents. *Lugosch v. Pyramid Co.,* 435 F.3d 110, 119 (2d Cir. 2006). Access to such documents promotes the legitimate interests of the public and press in "keep[ing] a watchful eye on the workings of public agencies" and "publish[ing] information concerning the operation of government." *Untied States v. Amodeo,* 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*") (citation omitted).

3

In evaluating a claim to access under the common law, a court must determine (1) whether the documents to which access is sought constitute "judicial documents" giving rise to a presumption of access; (2) if so, the weight accorded the presumption; (3) the existence of any countervailing factors militating against public access; and (4) whether the presumption of access outweighs the countervailing factors. *Lugosch*, 435 F.3d at 119-26; *United States v. Amodeo*, 71 F.3d 1044, 1050 (*Amodeo II* ).

1.     The Presumption of Access to "Judicial Documents"

Affidavits in support of a search or seizure warrant and the warrant application are central to a court's determination of probable cause since these documents provide the basis upon which a judge determines whether to issue a search warrant, and they are clearly relevant to and useful in the judicial process. *See, e.g., In re Sealed Search Warrant*, No. 04-M-370 & -388, 2006 WL 3690639, at *2-3 (N.D.N.Y. Dec. 11, 2006).  These documents clearly fall within the definition of "judicial documents" and public access to them facilitates public monitoring of the various government agencies and branches. *United States v. All Funds on Deposit at Wells Fargo Bank*, 643 F. Supp. 2d 577, 583-84 (S.D.N.Y. 2009) ("*Wells Fargo*") (citations omitted).

The presumption of access to a judicial document varies in weight, depending upon the document's significance in the adjudicative process. *Amodeo II*, 71 F.3d 1049.  "[W]here documents are used to determine litigants' substantive rights, a strong presumption of access attaches." *Lugosch*, 435 F.3d at 121 (citing *Amodeo II*, 71 F.3d at 1049).  A court's determination that a person's property may be searched and/or seized involves the adjudication of that person's substantive rights, or the information upon which the court relies in making that determination directly affects the adjudication. *Wells Fargo*, 643 F. Supp. 2d at 584.  The affidavits form the basis for the probable cause determinations that were prerequisites for the

4

issuance of the search and/or seizure warrants. *Id.* Thus, the presumption of access attaching to the search warrant documents "falls at the highest end of the continuum described in *Amodeo II* and *Lugosch* and carries the maximum possible weight." *In Re Sealed Search Warrant*, 2006 WL 3690639, at *2-3. While there are other considerations that would arguably limit the weight of the presumption of common law access to documents, this Court finds that a very strong presumption of access applies to the subject documents in this case especially because an indictment has already been issued.

2.   <u>Countervailing Factors and Balancing All Interests</u>

"Once the weight of the presumption is determined, a court must balance competing considerations against it." *Amodeo II*, 71 F.3d at 1050; *see also Lugosch*, 435 F.3d at 124 (even with presumption of access, documents may be kept sealed if countervailing factors require it). Such factors may include matters protected by legal privileges, *Lugosch*, 435 F.3d at 125; concerns for law enforcement efforts or judicial efficiency, *Amodeo II*, 71 F.3d at 1050; and the privacy interests of third parties, *id.* at 1050-51; *Newsday*, 895 F.2d at 79-80. "[S]ome law enforcement interests are routinely accepted as higher values and countervailing factors, including: the protection of law enforcement techniques and procedures; the protection of the confidentiality of sources; the safety of witnesses and police officers; the privacy and reputation interests of those involved in an investigation, including victims, witnesses and potential targets; the protection of ongoing investigations in terms of preventing interference, flight, or other obstructionist activities; the protection of grand jury secrecy; and the protection of national security." *United States v. Strevell*, 05-CR-477 (GLS), 2009 WL 577910, at *4 (N.D.N.Y. Mar. 4, 2009) (citations omitted). The need for sealing documents may even remain after the

execution of the warrants at issue "'and in some instances even after indictment.'" *Semtex,* 876 F. Supp. at 429 (quoting *Baltimore Sun,* 886 F.2d at 64).

If access is denied the Court should consider alternatives, such as partial disclosure of documents or disclosure of redacted versions. *Id.* at 429 (citing *Baltimore Sun,* 888 F.2d at 65-66). The reasons supporting the Court's denial should be set forth with specificity to permit appellate review. *Id.*

Here, an indictment has been issued. However, the government asserts that although charges have been filed against Bajwa the warrants involve an "ongoing multi-district investigation in which further charges could be filed against Bajwa and other subjects of the investigation." (Dkt. No. 26 at 1.) The government argues that the search warrant materials need to remain sealed "to protect the sources and methods of information contained [in the warrant materials and that] . . . the defense also opposes publically releasing this information."[2] *Id.* at 4-5.

It is "reasonable to believe that the need for secrecy continues in a complex, multi-state investigation prior to indictment." *Semtex*, 876 F. Supp. at 429. "Clearly, the fact that there is an on-going criminal investigation could provide a compelling governmental interest." *In re Search Warrants Issued August 29, 1994*, 889 F. Supp. 296, 299 (S.D. Ohio 1995) (citation omitted). The question here is whether that need is still present when an indictment has been issued, but further charges may be brought. As noted, the government asserts a criminal investigation is still underway in this case. (Dkt. No. 26 at 1.) The government has articulated a particularly sound

---

[2] Notably, the defense previously moved to unseal the search warrant materials regarding the October 2012 search warrant at issue, and that motion was denied. (Dkt. Nos. 12 and 20.) The July 2011 search warrant materials have been unsealed on a limited basis so that the subjects of that search could review it. (Dkt. No. 26 at 1.)

reason for keeping the documents sealed, stating that the July 2011 search warrant implicates the privacy interests of third parties because it involved searches of individuals other than Bajwa who have not been charged.  *Id.* at 7.  Further, the charges against Bajwa may not be the only ones filed against him or others and "publically revealing what is contained in these warrants materials, over the objections of the government and the defendant, would defeat the purpose of preserving the integrity and security of criminal investigations."  *Id.* at 7-8 (citation omitted).

Although an indictment has been filed, it is clear from reviewing the warrants at issue and supporting materials, that the government's criminal investigation continues and thereby implicates many interests.  Unsealing the search warrant documents would disclose to the public the full range of potential criminal violations being investigated, the evidence obtained by the government prior to the searches, evidence obtained by the government in the July 2011 search, and the information which the subjects and other individuals provided to the government.  If such information is disclosed to the public while the investigation is pending, as it still is, there exists a risk that evidence could be concealed or destroyed, information and testimony given by others could be influenced, and the ongoing multi-district investigation could otherwise be delayed and/or obstructed.  The government rightfully fears the disclosure of the existence and identity of its source of information used in the supporting search warrant affidavits.  Premature disclosure of this information might also jeopardize the investigation by deterring these sources from continuing to provide information.  Disclosure of the search warrant documents in this would also infringe upon privacy interests of third parties.  *See, e.g., In Re Sealed Search Warrants Issued June 4 and 5, 2008,* 2008 WL 5667021, at *4 (premature disclosure regarding cooperating witnesses may jeopardize the investigation by deterring these individuals and others from providing information in the future).

7

Having reviewed the warrants and supporting materials, partial disclosure or disclosure of redacted information does not appear feasible or advisable.  The information contained in the materials of both search warrants remains highly sensitive, and unsealing of it, especially for wide public dissemination, appears very damaging to the ongoing investigation.  Thus, a balancing of factors compels the conclusion that the applications and affidavits should remain sealed.  Unsealing these documents, even in redacted form, would compromise the security of the investigation by disclosing information regarding sources of information and the scope of the investigation.  This is an instance where the need for sealing the documents remains "even after indictment."  *Semtex*, 876 F. Supp. at 429 (citation omitted).  The Court finds the government has shown compelling and specific reasons for the continued sealing of the subject search warrants and attendant materials.

### B.     First Amendment Right of Access

In the Second Circuit, two complimentary approaches govern the First Amendment right of access: (1) the experience and logic approach; and (2) the access to courts approach.  In the application of the "'experience and logic' approach . . . to both judicial proceedings and documents, . . . [the court] asks 'both whether the documents have historically been open to the press and general public and whether public access plays a significant positive role in the functioning of the particular process in question.'" *Newsday, LLC v. Cnty. of Nassau,* 730 F.3d 156, 164 (2d Cir. 2013) (emphasis removed) (quoting *Lugosch,* 435 F.3d at 120); *see also Press-Enterprise Co. v. Superior Court of California,* 478 U.S. 1, 8 (1986).  With regard to judicial documents related to judicial proceedings, the Second Circuit "asks whether the documents at issue 'are derived from or are a necessary corollary of the capacity to attend the relevant proceedings.'" *Id.* (quoting *Lugosch,* 435 F.3d at 120).  Once properly invoked, the public's right

8

of access to judicial documents under the First Amendment must be given "strong weight."

*United States v. Graham*, 257 F.3d 143, 151 (2d Cir. 2001).  Specifically, the presumption of

public access to judicial documents may be overcome only by a showing that the requested

sealing is narrowly tailored to preserve "higher values." *Lugosch*, 435 F.3d at 120.  "Regardless

of whether competing interests are categorized as common law countervailing factors or First

Amendment higher values, the government . . . must demonstrate that those interests outweigh

public disclosure." *Strevell*, 2009 WL 577910, at *4.

   As noted above, although an indictment has been filed, the government asserts that this

multi-jurisdiction investigationcontinues and further indictments may be issued.  In this context,

this Court finds that "there is no traditional right of public access to search warrant materials nor

is there a traditional right for the public to attend search warrant proceedings, which are

conducted *ex parte*."  *In Re San Francisco Chronicle*, 07-00256-MISC, 2007 WL 2782753, at 2

(E.D.N.Y. Sept. 24, 2007).  Thus, there would be no First Amendment right to the search warrant

documents in this case because the investigation is ongoing under the "logic and experience"

approach.  "Because there is no traditional public right to attend search warrant proceedings,

public disclosure of the search warrant materials cannot be 'a necessary corollary of the capacity

to attend the relevant proceedings'" under the second approach discussed in *Lugosch*.  *Id.*

(citation omitted).

   Even though there has been an indictment here, and therefore arguably search warrant

documents could be a "necessary corollary" to meaningfully attend any proceedings on that

indictment, this court finds that the warrant materials should not be unsealed at this time because

of the countervailing factors discussed above.  The government's interest in protecting the

integrity of its ongoing investigation in this case outweighs any First Amendment right of access that might apply to the search warrant documents here.  *Strevell*, 2009 WL 577910, at *4.

The cases cited by Movant do not compel a different result.  For example, *United States v. Loughner*, 769 F. Supp. 2d 1188 (D. Ariz. 2011), involved the shooting of a U.S. Congresswoman, a federal district court judge, and a number of other individuals, and the court described those Tucson shootings as having "generated a media frenzy."  *Id.* at 1197.  Also in *Loughner*, the court noted that the "United States prosecutor represents that the government's active investigation of the case has now concluded, and that no additional federal charges are expected."  *Id.* at 1190.  Here, the government indicates that the investigation is not complete; the FBI continues to actively investigate the case and more charges may be forthcoming.  (Dkt. No. 26 at 4.)  The government further notes that revealing the sources and methods of obtaining information that are contained in the materials at issue would corrupt and endanger this ongoing investigation.  *Id.*  However, in *Loughner,* the court ruled in favor of disclosure in part because "there is no danger of corrupting the investigation."  *Loughner*, 769 F. Supp.2d at 1193.

Similarly, other cases cited by Movant are unpursuasive.  *See In re Application of New York Times*, 585 F. Supp. 2d 83 (D.D.C. 2008) (in highly publicized case involving anthrax mailings to congressmen and the media, court found a qualified First Amendment right of access to search warrant materials where investigation of case had concluded and government conceded there was "no possibility of prejudice in releasing the documents."); *Washington Post v. Hughes,* 923 F.2d 324 (4th Cir. 1991) (in extensive media coverage of case involving young girl's disappearance where defendant sought to keep search warrant materials sealed on claim of right to fair trial and government did not seek to keep the materials sealed agreeing with media that sealed materials could "safely be released," the court found proper *voir dire* would achieve fair

trial even if search warrant materials became public); *In re Sealed Search Warrant Documents Issued October 25, 28 and 29, 2011*, 5:11-MJ-492 (ATB) (N.D.N.Y. Dec. 19, 2011) (court kept documents under seal in extensively publicized case involving allegations of child sex abuse against large university assistant basketball coach where government objected to unsealing because of ongoing criminal investigation where no charges had been filed, but the records were ordered unsealed *after* the investigation was concluded).  The present matter is not highly publicized, the investigation is ongoing, and the government objects to any unsealing of the search warrant documents because of the danger of corrupting a continuing criminal investigation.

As such, although the government has not explicitly stated if or when it will issue any further charges against Bajwa or others that may be the subject of the ongoing investigation, it has made it clear that there indeed is an ongoing criminal investigation which would be jeopardized if the search warrant materials were unsealed.  For all these reasons, the Court finds that the search warrant materials should not be unsealed at this time.

III.    **CONCLUSION**

Having reviewed the papers submitted in this motion, and having reviewed the subject warrants and supporting materials, the court finds that Movant does not have a right to access to the sealed search warrants and supporting documents at this time.

**ACCORDINGLY**, it is hereby

**ORDERED** that Steve Reilly is granted leave to intervene in this matter, in his personal capacity, to move to unseal the search warrants referenced herein; and it is further

**ORDERED** that the motion to unseal (Dkt. No. 24) the search warrants and supporting materials is **DENIED** and the documents shall remain **SEALED** in their entirety without prejudice to renew the application after six months from the date of this decision and order, or after the date when any further indictment or guilty plea results from this investigation, if that occurs sooner; and it is further

**ORDERED** that the Clerk mail a copy of this Order to Steve Reilly and to the parties in this action.

Date:   May 20, 2014
Syracuse, New York

Therese Wiley Dancks
United States Magistrate Judge

12